IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ERIC WILLIAM MUHAMMAD; and
GEORGINA RENEE MUHAMMAD,

        Plaintiffs,

    v.

ENVIRONMENTAL COMMUTER
OPTIONS COMPANY; JESSE YUN,
President; ALEXANDRIA M. REILLY-
COLETTE,

        Defendants.

No. 3:21-cv-01771-HZ

OPINION & ORDER

Eric & Georgina Muhammad
827 West Octave St.
Pasco, WA 99301

    Pro Se Plaintiffs

Richard A. Lee
Rachel Perry
Bodyfelt Mount, LLP
319 SW Washington St., Suite 1200
Portland, OR 97204

    Attorneys for Defendant

1 – OPINION & ORDER

HERNÁNDEZ, District Judge:

Pro se Plaintiffs Eric Muhammad and Georgina Muhammad bring this personal injury action against Defendants The Environmental Commuter Options Company ("Company"), Jesse Yun, and Alexandria M. Reilly-Collette. Defendants move to dismiss this action for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs' claims are time-barred. For the reasons explained below, the Court grants Defendants' Motion to Dismiss.

## BACKGROUND

Plaintiffs allege that on November 27, 2011, a bus owned by the Company and driven by Defendant Reilly-Collette rear-ended Plaintiffs' car while in stop-and-go traffic on I-84 West in Portland, Oregon. Compl. ¶ 1, ECF 1. Plaintiffs filed this action, alleging that Defendants' violation of several state and federal traffic laws in causing the accident was a breach of duty and amounted to negligence. Plaintiffs allege they suffered various physical injuries as a result of the collision. Plaintiffs claim they are entitled to both economic and non-economic damages, including recovery for pain and suffering along with medical costs. Defendants move to dismiss Plaintiffs' Complaint for failure to state a claim. Defendants assert that Plaintiffs' claims are barred by the Oregon statute of limitations and statute of ultimate repose for personal injury claims.

## STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the non-moving party. *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1140 (9th Cir. 2012). A motion to dismiss under

Rule 12(b)(6) will be granted if a plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" *Id*. (citations and footnote omitted).

To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In other words, a complaint must state a plausible claim for relief and contain "well-pleaded facts" that "permit the court to infer more than the mere possibility of misconduct[.]" *Id*. at 679.

Courts must liberally construe pro se pleadings. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Additionally, a court cannot dismiss a pro se complaint without first explaining to the plaintiff the deficiencies of the complaint and providing an opportunity to amend. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Dismissal of a pro se complaint without leave to amend is proper only if it is clear that the deficiencies of the complaint could not be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

Defendants assert Plaintiffs' claim is barred by both the two-year statute of limitations established by Oregon Revised Statute § ("O.R.S.") 12.110(1) and the ten-year limit provided in the statute of ultimate repose, O.R.S. 12.115, because the alleged accident occurred on

November 27, 2011, and the Complaint was not filed until December 7, 2021. Defendants filed a motion to dismiss, and Plaintiffs failed to respond. The Court agrees with Defendants and finds that Plaintiffs' claim is time-barred.

I.   **The Court Applies State Substantive Law.**

The Court has jurisdiction over this case based on diversity of citizenship between Plaintiffs and Defendants. 28 U.S.C. § 1332. Accordingly, the Court applies federal procedural law, but must apply the substantive law, including statutes of limitations, of the state in which it sits. *See Guar. Tr. Co. of N.Y. v. York*, 326 U.S. 99, 107 (1945) (addressing conflicts of laws in federal diversity cases and holding that statutes of limitation are matters of substantive state law). The Supreme Court's decision in *Guaranty Trust* ensures that "in all cases where a federal court is exercising jurisdiction solely because of the diversity of the citizenship of the parties, the outcome of the litigation must be substantially the same . . . as it would be if tried in a [s]tate court." *Id*. at 109. Most relevant here, "a statute that would completely bar recovery in a suit if brought in a [s]tate court bears on a [s]tate-created right[.] As to consequences that so intimately affect recovery or non-recovery a federal court in a diversity case should follow [s]tate law." *Id*. at 110. Because the Court is adjudicating a state substantive issue based on diversity of the parties, it must apply Oregon's statute of limitations.

II.  **Statute of Limitations**

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir.1980)). "If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a

claim[.]" *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206–07 (9th Cir. 1995) ("A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.") (internal quotations and citations omitted). However, "a complaint cannot be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo*, 68 F.3d at 1207 (declining to dismiss a complaint where the equitable tolling doctrine was applicable). Where claims are barred by the statute of limitations, the trial court may dismiss the plaintiff's claims without leave to amend because an amendment would be futile. *Platt Elec. Supply Inc. v. EOFF Elec. Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

Oregon applies a two-year statute of limitations for personal injury claims. *See* O.R.S. 12.110(1) ("An action for . . . any injury to the person or rights of another . . . shall be commenced within two years."). The Oregon Court of Appeals has interpreted automobile accidents as falling within the category of personal injuries under O.R.S. 12.110(1). *See Baker v. Kennedy*, 15 Or. App. 360, 362, 838 P.2d 634, 635 (1992) (holding that the two-year limitations period applies to automobile accidents). Plaintiffs allege in their Complaint that the accident happened on November 27, 2011; therefore, the personal injury action must have been brought no later than November 27, 2013, to fall within the statute of limitations. Plaintiffs filed their Complaint on December 7, 2021, well past the two-year cutoff, meaning their claim is barred by O.R.S. 12.110(1). Even if Plaintiffs' injuries had not been discoverable[1] until after the two-year

---

[1] "The discovery rule [protects those] . . . who, in exercising the diligence expected of a reasonable person, are unaware that they have suffered legally cognizable harm." *Gaston v. Parsons*, 318 Or. 247, 256, 864 P.2d 1319, 1324 (1994). The statute begins to run when the plaintiff knows "facts which would make a reasonable person aware of a substantial possibility" of their legal right to file a complaint. *Id*. Here, nothing in Plaintiffs' Complaint indicates that

5 – OPINION & ORDER

statute of limitations had run, their recovery is still barred because they did not file their complaint within the ten-year limit set in O.R.S. 12.115, effectively barring their recovery. *See* III, *infra*.

### III.  Statute of Ultimate Repose

Even if O.R.S. 12.110(1) was inapplicable, Oregon's statute of ultimate repose bars recovery because Plaintiffs' claim was not filed within ten years of the accident. Under O.R.S. 12.115, plaintiffs cannot commence a personal injury action more than ten years after the date of the accident. O.R.S. 12.115(1). The statute also cannot be used to extend the limitations period established in O.R.S. 12.110. *See* O.R.S. 12.115(2) ("Nothing in this section shall be construed to extend any period of limitation otherwise established by law[.]"). Accordingly, notwithstanding the two-year statute of limitations, Plaintiffs had ten years from the date of the alleged accident to file their Complaint. Both federal and state rules consider a complaint to "commence" when the complaint is filed. Fed. R. Civ. P. 3; O.R.S. § 12.020(1). Plaintiffs filed their Complaint on December 7, 2021, ten years and nine days after the alleged accident. Because the Complaint was filed beyond both the statute of limitations period and the ten-year period under the statute of ultimate repose, the Court grants Defendants' Motion to Dismiss.

///

///

///

///

///

---

their alleged injuries were of a nature that they could not have been discovered within two years of the accident.

6 – OPINION & ORDER

## CONCLUSION

Defendants' Motion to Dismiss [10] is GRANTED and Plaintiffs' Complaint [1] is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED: ___July 11, 2022_____.

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge